UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DOLORES TOMPKINS,
     Plaintiff,

v.

U.S. DEPARTMENT OF HEALTH AND HUMAN
SERVICES, SECRETARY XAVIER BECERRA,
  and
U.S. DEPARTMENT OF THE TREASURY,
SECRETARY JANET YELLEN,
     Defendants.

Case No.: 1:23-cv-201

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES

### I.     INTRODUCTION

This case centers on the Defendants' wrongful taking of Dolores Tompkins' pension benefits based upon an erroneous claim for Medicare reimbursement approximately ten years after she incurred these legitimate Medicare expenses.

### II.     PARTIES

1.     Plaintiff Dolores Tompkins is a United States resident and citizen of the State of Indiana, City of Indianapolis, County of Marion.

2.     Defendant U.S. Department of Health and Human Services is an executive department of the United States headquartered in Washington, D.C. and is responsible for the collection of Medicare expenses through its Center for Medicare Service ("CMS").

3.     Defendant Xavier Becerra is the Secretary of Health and Human Services. He is sued only in his official capacity.

4. Defendant U.S. Department of the Treasury is an executive department of the United States headquartered in Washington, D.C. and is a debt management servicing center for CMS through its Bureau of Fiscal Service ("BFS").

5. Defendant Janet Yellen is the Secretary of the Treasury. She is sued only in her official capacity.

## III.   JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(a).

7. Plaintiffs' causes of action are provided by the APA, 5 U.S.C. §§ 702-706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(e). This is an action against Departments of the United States, and the heads of those Departments in their official capacities.  Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to all Plaintiffs' claims occurred in this District.

## IV.   STATEMENT OF FACTS

9. In 2010, Plaintiff 's husband Tommie Tompkins had a gastric surgery in which the clamp broke inside of his body.

10. On September 23, 2011, the undersigned attorney's law firm undertook representation of Tommie Tompkins in a medical malpractice case before the Indiana Department of Insurance, then on April 26, 2012, the case was filed in the Marion County Superior Court, *Tommie Tompkins v. Anonymous Hospital, et al*, Cause No. 49D11-1204-CT-017047, and litigation ensued.

11.     The undersigned also represented Dolores Tompkins in a separate claim for events that she witnessed, in the Marion County Superior Court, *Dolores Tompkins v. CareFusion 2200, et al.*, Cause No. 49D14-1204-CT-017047.

12.     On April 18, 2013, Tommie Thompkins passed away.

13.     On August 20, 2013, the Marion County Probate Court appointed Dolores Tompkins as the personal representative of Tommie Thompkins' estate, *In Re: the Estate of Tommie Tompkins*, Cause No. 49D08-1308-ES-031655.

14.     On May 11, 2015, the Marion County Superior Court substituted the Estate as a party in Cause No. 49D11-1204-CT-017047 and restyled the case as *Dolores Tompkins, Dolores Tompkins as adminstratrix of the estate of Tommie Tompkins v. Anonymous Hospital, Snowden Pencer, Carefusion.*

15.     On December 30, 2020, the Marion County Superior Court entered summary judgment in Cause No. 49D11-1204-CT-017047 on liability claims and nothing was collected by way of this lawsuit.

16.     On February 3, 2021, the probate court discharged Dolores Tompkins as personal representative of the Estate of Tommie Tompkins in Cause No. 49D08-1308-ES-031655.

17.     On or about February 21, 2021, Dolores Tompkins agreed to release and settle her claim in *Dolores Tompkins v. CareFusion 2200, et al.*, Cause No. 49D14-1204-CT-017047, in a binding agreement subject to confidentiality and non-disclosure.

18.     On or about January 11, 2021, Plaintiff's Counsel sent notice to CMS that stated no proceeds were collected on behalf of Tommie Tompkins and on or about January 19, 2021, Plaintiff's Counsel received notice from CMS that stated "***Case Resolved***", under Case Identification Number 201533809002274.

19.    On or about May 7, 2021, Dolores Tompkins received written notice of debt due and owing to CMS, claiming CMS for expenses was entitled to reimbursement for the medical expenses stemming from the medical malpractice liability case of her deceased husband Tommie Tompkins and for medical expenses from a back surgery she had in 2011 to correct L2-L5 and T2 due to degenerative disease (old age).

20.    Plaintiff's Counsel submitted numerous correspondences and official notices to CMS and BFS advising of the non-collection of proceeds on behalf of Tommie Tompkins and the uncollectability of Dolores Tompkins' legitimate Medicare expenses that were not the result of an accident.

21.    On or about October 7, 2021, Defendants CMS and BFS began a collection effort against Plaintiff Dolores Tompkins, stating "*Notice of Intent to Refer Debt to the Department of Treasury or a Department of Treasury Designated Debt Collection Center (DCC) for Cross-Servicing and Offset of Payments.*"

22.    On or about October 14, 2021, Plaintiff's Counsel forwarded a Dispute of Demand Payment Due to CMS, along with additional documentation evidencing that no sums were collected on behalf of Tommie Tompkins.  Tommie Tompkins' case had been dismissed in both the Probate Court and Superior Court action and no funds were recovered on his behalf.

23.    On or about November 18, 2021, Plaintiff's Counsel received written notice from CMS advising that the appeal of this matter was directed to Maximus Federal, QIC Part A West, 3750 Monroe Avenue, Suite 706, Pittsford, NY 14534-1302, for further review and decision.

24.    On or about December 2, 2021, Plaintiff's Counsel forwarded another written Dispute of Demand Payment Due to CMS and Maximus Federal Services advising of the

4

uncollectibility of proceeds on behalf of Tommie Tompkins in an effort to cease collection attempts against Plaintiff, Dolores Tompkins.

25.    In February 2022, Dolores Tompkins received notification from BFS that it would withhold proceeds from her pension benefits to collect reimbursement for CMS of the alleged Medicare expenses.  Apparently, the government pursued the matter, in error, on the mistaken premise that Dolores Tompkins had a claim at an earlier date that resulted in a personal injury recovery.

26.    On or about February 10, 2022, Plaintiff's Counsel sent correspondence to U.S. Department of the Treasury, ATTN:  Bureau of Fiscal Responsibility, P.O. Box 1686, Birmingham, Alabama 35201-1686, requesting a cease and desist from continued collection efforts on behalf of Tommie Tompkins.    Pursuant to U.S.P.S. Tracking Number: 70200090000194273491, this package was picked up on 2/14/22, at 4:07 p.m.  To date, U.S. Department of Treasury has failed and refused to respond to Counsel's requests and continues to threaten pension lien action.

27.    On or about March 7, 2022, Plaintiff's Counsel then sent correspondence to the following government officials and agencies seeking assistance in terminating the collection efforts directed toward Plaintiff, Dolores Tompkins:  Honorable Janet Yellen, United States Secretary of the Treasury; Dr. Meena Seshamani, M.D., Ph.D., Deputy Administrator and Director of Center for Medicare; Tammy Tucci, Project Director, Maximus Federal Services; and CMS Medicare.

28.    Plaintiff's Counsel received notice from Tammy Tucci of Maximus Federal in response to Plaintiff's Counsel's March 7, 2022 correspondence, to which Plaintiff's Counsel again responded on or about March 24, 2022 advising of the erroneous collection efforts and

provided previously submitted documentation confirming the same, along with a copy of the letter received from CMS indicating that the matter was closed.

29.     On or about April 4, 2022, Plaintiff's Counsel received a copy of correspondence dated March 31, 2022, from CMS/NGHP, BCRC Case Analyst, P.O. Box 138832, Oklahoma City, OK 73113, requesting Proof of Representation and Consent to Release for Plaintiff, Dolores Tompkins.

30.     On or about April 5, 2022, a certified letter was forwarded to BCRC Case Analyst, CMS/NGHP, P.O. Box 138832, Oklahoma City, OK 73113.  Also, phone calls were initiated to attempt to resolve this matter by requiring the government to simply review the records and dismiss their improper claim against Delores Tompkins.

31.     On or about April 9, 2022, the letter addressed to BCRC Case Analyst, CMS/NGHP, P.O. Box 138832, Oklahoma City, OK 73113 was delivered via certified mail, per U.S.P.S. Tracking System, under Tracking Number 7020 0090 0001 9426 7254.

32.     On or about August 9, 2022, Plaintiff received notice of lien to be asserted on November 1, 2022, against pension benefits Plaintiff, Dolores Tompkins.  An offer of hearing to address this matter was extended to Plaintiff.

33.     On or about August 18, 2022, Plaintiff, by Counsel, submitted a written request for hearing to Defendant, Bureau of Fiscal Service, ATTN:  AWG Analyst, Post Office Box 830794, Birmingham, Alabama 35283-0794 via email:  AWGhearingrequest@fiscal.treasury.gov.  To date, no response has been received.

34.     On or about September 12, 2022, Plaintiff's Counsel's Office spoke with Lance at BFS to follow up on the hearing request for Dolores Tompkins, and he directed the office to contact CMS.

35.     Despite numerous calls, letters and request for final review, exhaustion of all available administrative remedies, Plaintiff was required to institute this litigation to seek the appropriate relief.  Defendants has failed and refused to cease garnishing Plaintiff's retirement benefits and is causing severe emotional distress and financial concerns.

## CLAIM I – IMPROPER TAKING

36.     Plaintiff is pursuing a § 1983 claim based on a violation of her constitutional rights when the government (Defendants) seized money from her pension benefits without just compensation and without due process of law.

37.     Plaintiff is retired from the Veterans Affairs and has a vested pension, a civil service annuity from the VA, from which she is currently receiving payments.

38.     In November 2022, Defendant Department of the Treasury's Bureau of Fiscal Services seized $1,028.30 from Plaintiff's VA pension.

39.     In December 2022, Defendant Department of the Treasury's Bureau of Fiscal Services seized $1,028.30 from Plaintiff's VA pension.

40.     In January 2023, Defendant Department of the Treasury's Bureau of Fiscal Services seized $1,116.30 from Plaintiff's VA pension.

41.     Future monthly seizures from Plaintiff's VA pension are anticipated by Defendant Department of the Treasury's Bureau of Fiscal Services.

42.     Seizures of money from Plaintiff's VA pension are being made by the Defendant Department of the Treasury's Bureau of Fiscal Service, on the direction of Defendant CMS Medicare.

43.    Plaintiff has a legitimate claim of entitlement to her pension benefits rather than a unilateral expectation to it because she made contributions to her VA pension during her employment and contributions were made to her VA pension on her behalf by her employer.

44.    Plaintiff Dolores Tompkins has been a covered Medicare Part A and B member since 2001 and is current on her Medicare premium payments, which are automatically deducted from her Social Security benefits.

45.    Plaintiff's late husband Tommie Tompkins was a covered Medicare Part A and B member since about 1998 and was current on his Medicare premium payments at the time of his death.

46.    Defendants erroneously claimed that Plaintiff Dolores Tompkins and her late husband Tommie Tompkins obtained settlement proceeds for medical care and treatments related to liability claims that they know or should have known were uncollectable and not collected.

47.    Defendants erroneously claimed they were entitled to reimbursement for Dolores Tompkins incurrence of medical expenses from 2011 which were legitimately billed to Medicare for her own personal medical care and treatment and not related to a liability claim.

48.    Defendants erroneously claimed they were entitled to reimbursement for Tommie Tompkins incurrence of medical expenses related to his death, which were legitimately billed to Medicare for his own personal medical care and which claim was closed because no proceeds could be collected in the liability claim.

49.    Defendants' erroneous claim for reimbursement has resulted in a substantial number of phone calls and letters requesting that the government review and correct its records.

50.    Defendants are now garnishing the retirement benefits of Dolores Tompkins, an elderly citizen, which has caused her harm and mental anguish.

## CLAIM II – FDCPA VIOLATIONS

51.     Plaintiff Dolores Tompkins and her late husband Tommie Tompkins are "consumers" of Medicare, as they are natural persons obligated or allegedly obligated to pay Medicare debt.

52.     Defendants are "debt collectors" of expenses relating to the Medicare coverage for the medical treatment of Plaintiff and her late husband Tommie Tompkins, as they have each mailed Plaintiff letters for the principal purpose of collecting Medicare debt, and they each regularly collect or attempt to collect debts owed, due and asserted to be owed or due.

53.     Tommie Tompkins' Medicare expenses are a "debt" as defined by FDCPA, as it is an obligation or alleged obligation of Plaintiff to pay money arising out of the Medicare coverage for the medical treatment of Plaintiff's late husband for personal purposes.

54.     Plaintiff Dolores Tompkins' Medicare expenses are a "debt" as defined by FDCPA, as it is an obligation or alleged obligation of Plaintiff to pay money arising out of the Medicare coverage for the medical treatment of Plaintiff for personal purposes.

55.     In Indiana, the statute of limitation for debt collection is 10 years.  Ind. Code § 34-11-2-11.5.

56.     Defendants failed to initiate debt collection on the alleged Medicare debt for over ten years.

57.     At the time of the attempted collection, CMS had dismissed its claim against Tommie Tompkins, and had knowledge that Dolores Tompkins' alleged Medicare debt from her back surgery was from legitimate Medicare expenses and not the result of an accident.

58.     Defendant CMS violated § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff Dolores Tompkins' alleged

Medicare debts for medical expenses from 2011 which were legitimately billed to Medicare for her own personal medical care and treatment and not related to a liability claim.

59.    Defendant CMS violated § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged Medicare debts of Plaintiff's late husband Tommie Tompkins, about the character, amount, or legal status of his medical expenses related to his death, which was closed because no proceeds could be collected in the liability claim.  Dolores Tompkins' loss of consortium has nothing to do with medical expenses of Tommie Tompkins' liver surgery.

60.    Defendant BFS violated § 1692c by communicating directly with Plaintiff without her prior consent or the express permission of a court, despite knowing Plaintiff was represented by the undersigned attorney with respect to the alleged Medicare debts of her and her late husband, and had knowledge of, or could have readily ascertained, the undersigned attorney's name and address from Defendant Department of Health and Human Services.

61.    Defendants CMS and BFS violated § 1692f by using unfair or unconscionable means to collect or attempt to collect a closed debt for the medical treatment of Plaintiff's late husband, and to collect or attempt to collect a decedent's debt from his surviving spouse rather than an estate.

62.    Defendants CMS and BFS violated § 1692f by using unfair or unconscionable means to collect or attempt to collect from Plaintiff alleged Medicare debts for medical expenses from 2011 which were legitimately billed to Medicare for her own personal medical care and treatment and not related to a liability claim.

63.     Pursuant to § 1692k, Defendants CMS and BFS are liable to Plaintiff for the foregoing FDCPA violations in an amount commensurate with her actual damages, statutory damages, the costs of the action, and a reasonable attorney's fee as determined by the court.

## RELIEF BEING SOUGHT

64.     As a result of the continuous efforts of Plaintiff and Plaintiff's Counsel in terminating the wrongful collection attempts from CMS, BFS, and Maximus Federal on behalf of the U.S. Government, Plaintiff Dolores Tompkins has been damaged. The government commenced garnishment of her earned pension, she cannot pay her bills, cannot care for herself or her family, and she has suffered anxiety and depression.

65.     **Plaintiff is seeking permanent injunctive relief from inappropriate debt collection efforts by the United States Government.**

66.     **Plaintiff is seeking a refund of all funds improperly taken from her retirement funds.**

67.     **Plaintiff is seeking an award of damages, including statutory damages, attorney fees, reimbursement, interest and costs, and all other available damages for the wrongful taking of her retirement benefits.**

68.     **Furthermore, Plaintiff demands a trial by jury.**

Respectfully Submitted,

/s/ Nathaniel Lee_____
Nathaniel Lee, #10159-49
Faith E. Alvarez, #32497-49
LEE COSSELL & CROWLEY, LLP
151 N. Delaware Street, Suite 1500
Indianapolis, Indiana 46204
Phone: (317) 631-5151
Fax: (317) 624-4561
nlee@nleelaw.com
falvarez@nleelaw.com

11